■ In the Matter of FAITH MURPHY, as Executrix of JOHN D. MURPHY, Deceased, Appellant, v DONALD L. BURKHART et al., Individually and as Members of Rome Common Council, et al., Respondents. — Judgment unanimously reversed, without costs, motion denied, and petition reinstated. Memorandum: Appellant is the representative of the estate of John D. Murphy, formerly city clerk of the City of Rome. Under the Rome City Charter, the city clerk is an appointive office, and the Common Council is the appointing body (Rome City Charter, tit A, art III, § 7). The term of the clerk's office is "at the pleasure of the Council" (Rome City Charter, tit A, art III, § 10). In the elections held in the fall of 1980, a majority of the council members elected were Republican. When the newly elected council convened in January, 1981, John D. Murphy, a Democrat, was replaced by a Republican appointee. This CPLR article 78 proceeding commenced by John D. Murphy for reinstatement is continued by his estate representative for recovery of salary allegedly owed to the date of his death. There is no doubt that John D. Murphy's membership in the Democratic Party was a motivating factor in the Common Council's decision not to reappoint him. The question is whether respondents can demonstrate that "party affiliation is an appropriate requirement for the effective performance of the public office" (*Branti v Finkel,* 445 US 507, 518) and that their replacement of the clerk for political reasons was therefore proper (see *Elrod v Burns,* 427 US 347; *Visser v Magnarelli,* 530 F Supp 1165). In their answer, respondents allege, among other things, that "by the nature of the office, the position of City Clerk of the City of Rome is one in which the Common Council must maintain trust and confidence insofar as the duties of said City Clerk are akin to that of a confidential administrative assistant or executive secretary with responsibilities requiring the preparation, management, storing and general control of all miscellaneous information and documents filed as official records, legislation and communications to and from the

Common Council and all other municipal boards"; and that "traditionally and historically, by operation of law, and in fact, the Common Council of the City of Rome, as is the case with legislative bodies, had organized according to political party and belief and that party whose numbers have comprised the majority has taken the responsibility for managing the program and agenda of business of such body"; and that "the official duties of the City Clerk as aforesaid include significant responsibility in organizing and presenting the program and agenda of business of the Common Council of the City of Rome." Essentially respondents argue that in addition to the duties specified in the charter, the city clerk acts as a confidential secretary to those members of the council who, as a practical matter, have the responsibility for managing the program and agenda of that body; i.e., the members of the majority party. Respondents maintain that the relationship between the clerk and the majority members of the council is one of trust and confidence and that it is a practical necessity that the city clerk be of the same political party. In recognition of this fact, they argue, the term of the city clerk under the Rome charter is not of a specific duration but is at the pleasure of the appointing authority, the Common Council (Rome City Charter, tit A, art III, § 10; see *McBride v Griffin,* 62 AD2d 520, 524). Special Term dismissed the petition without taking proof finding that "[i]t is well recognized that party affiliation may be an acceptable requirement for some forms of government employment." The affidavits in the record, we find, are insufficient to support a holding that respondents have demonstrated as a matter of law that party affiliation is an appropriate requirement for the effective performance of the office (see *Branti v Finkel, supra,* p 518). The record presents factual issues requiring a trial (CPLR 7804, subd [h]). (Appeal from judgment of the Supreme Court, Oneida County, Tenney, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.